On Remand from the Supreme Court of the United States
PER CURIAM:
In Childers v. Floyd, 568 U.S.-, 133 S.Ct. 1452, 185 L.Ed.2d 358 (2013), the United States Supreme Court granted a writ of certiorari, vacated our judgment in Childers v. Floyd, 642 F.3d 953 (11th Cir.2011) (en banc) (Childers I), and remanded the case for further consideration in light of Johnson v. Williams, 568 U.S. -, 133 S.Ct. 1088, 185 L.Ed.2d 105 (2013). In a previous case, Harrington v. Richter, 562 U.S.-, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011), the Supreme Court held that when a state court decision “summarily rejects without discussion all the claims raised by the defendant, including a federal claim that the defendant subsequently presses in a federal habeas proceeding, the federal habeas court must presume (subject to rebuttal) that the federal claim was adjudicated on the merits.” *1333 Johnson, 568 U.S. at -, 133 S.Ct. at 1089. In Johnson, the Court extended the rationale of Harrington and held that this presumption applies (subject to rebuttal) to cases in which the state court discusses some of the defendant’s claims but “rejects a federal claim without expressly addressing that claim.” Id. at 1096.
In this case, the defendant, Wyon Child-ers, a former County Commissioner for Escambia County, Florida, was on trial for receiving a bribe from a codefendant, Joe Elliot, in exchange for voting to have the Commission approve the County’s purchase of a piece of land Elliot owned.[1] Childers I, 642 F.3d at 958. A third code-fendant and fellow Commissioner, Willie Junior, pleaded guilty under a plea agreement and testified for the State at Elliot’s trial. Id. The jury acquitted Elliot, and thereafter Junior informed the State of incriminating information he had not disclosed prior to Elliot’s trial. Id. at 958-59. Due to the nondisclosure, the State moved the trial court to revoke Junior’s plea agreement. Id. at 959. The court denied the motion. Id. at 959-60.
Prior to his trial, Childers moved the trial court to permit him to bring out on Junior’s cross-examination both Elliot’s acquittal and the State’s attempt to revoke Junior’s plea agreement arguing that these events were relevant to Junior’s credibility and bias as a witness. Id. at 960. The court denied his motion. Id. at 962. Addressing the admissibility of the Elliot acquittal, the court found that the unfair prejudice that the State would suffer if the testimony were allowed outweighed any probative value it might have.[2] Id. Regarding the admissibility of the State’s motion to revoke Junior’s plea agreement, the court held that both the State’s motion and the court’s denial were irrelevant and therefore inadmissible.[3] Id.
A jury convicted Childers of one count of bribery and one count of unlawful compensation for official behavior but found him not guilty of the money laundering charge. Id. at 962-63. He appealed his convictions to the Florida District Court of Appeal. Id. at 963. Childers’s brief to the District Court of Appeal argued that the trial court abused its discretion and denied him his Sixth Amendment right of confrontation by barring him from cross-examining Junior as- proposed in his motion.[4] Id.
The District Court of Appeal, sitting en banc,[5] ruled per curiam that the trial court’s ruling did not constitute an abuse of discretion and affirmed Childers’s convictions under Florida Evidence Rule 90.403. Childers v. State, 936 So.2d 585, 587 (Fla. 1st Dist.Ct.App.2006) (en banc) (per curiam) (Childers II). The court affirmed the convictions without expressly *1334 addressing Childers’s claim that the trial court’s ruling infringed his Sixth Amendment right of confrontation.
In granting certiorari and remanding this case for reconsideration in light of Johnson, the Supreme Court effectively asks us to determine whether Childers has rebutted the presumption that the District Court of Appeal adjudicated his Sixth Amendment right of confrontation claim on the merits. To determine whether the presumption has been rebutted, we look to the state court’s decision and the record in the case[6] to determine whether “the evidence leads very clearly to the conclusion that [the] federal claim was inadvertently overlooked in state court.” Johnson, 568 U.S. at -, 133 S.Ct. at 1097.
The District Court of Appeal began its analysis of Childers’s claim that the trial court had abused its discretion in prohibiting Childers from eliciting during his cross-examination of Junior evidence relating to the Elliot acquittal and the State’s attempt to withdraw Junior’s plea agreement by holding that such evidence was relevant under Florida Rule of Evidence 90.401. Childers II, 936 So.2d at 592. The court then observed that the Florida Rules of Evidence, specifically Rule 90.608,[7] gave Childers the right to “attack Junior’s credibility.” Id. The court focused, in particular, on subpart (2) of the rule, which allowed Childers to show on cross-examination that Junior was “biased.” Id. (“Under the rules of evidence, Appellant could attack Junior’s credibility by ‘showing that a witness is biased.’ ”). In essence, the court was observing that Florida’s rules of evidence gave Childers the same right of confrontation he enjoyed under the Confrontation Clause--the right to expose a witness’s “motivation in testifying.” See Delaware v. Van Arsdall, 475 U.S. 673, 678, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986) (internal quotation marks omitted). While recognizing the importance of Childers’s right to attack Junior’s credibility, the District Court of Appeal nonetheless observed that this right of confrontation is subject to limitation under Rule 90.403.[8] Childers II, 936 So.2d at 593. In Childers’s case, the “trial judge [had to] balance the import of the evidence” Childers sought on cross-examination “against the danger of unfair preju *1335 dice. Only when the unfair prejudice substantially outweighs the probative value of the evidence should it be excluded.” Id.
It is clear to us that Childers’s Confrontation Clause claim was not “inadvertently overlooked” by the District Court of Appeal. The claim was squarely before the court.[9] Although the court expressly analyzed Childers’s claim under only the Florida rules of evidence, the underpinnings of these rules fit hand in glove -with the rights guaranteed under the Confrontation Clause.
In sum, we hold that the Florida'District Court of Appeal adjudicated Childers’s Confrontation Clause claim on the merits. We therefore reinstate our decision in Childers I, and the District Court’s decision denying Childers’s a writ of habeas corpus is
AFFIRMED.

. Childers was indicted for one count of money laundering, one count of bribery, and one count of unlawful compensation or reward for official behavior. Childers I, 642 F.3d at 958.

. Under Fla. Evid. R. 90.403 "[rjelevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." Fla. Stat. § 90.403.

. Under Fla. Evid. R. 90.401, “[rjelevant evidence is evidence tending to prove or disprove a material fact.” Fla. Stat. § 90.401.

. The Sixth Amendment’s Confrontation Clause states: “In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him....” U.S. Const, amend. VI. The Clause is applicable to the States through the Fourteenth Amendment's Due Process Clause. Pointer v. Texas, 380 U.S. 400, 403, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923 (1965).

. Although the appeal was initially assigned to a three judge panel, a, majority of the judges of the District Court of Appeal voted to hear the case en banc under Fla. R.App. P. 9.331(a), before the panel’s decision, was ever released. Childers I, 642 F.3d at 964 n. 12.

. In the present context, the record consists of (1) the portions of the trial court record relating to Childers’s motion to permit him to cross-examine Junior with the evidence of Elliott's acquittal and the State’s attempt to withdraw Junior’s plea agreement and (2) the briefs the parties submitted to the District Court of Appeal in Childers’s appeal.

. Florida Evidence Rule 90.608 provides that: "[a]ny party, including the party calling the witness, may attack the credibility of a witness by:
(1) Introducing statements of the witness which are inconsistent with the witness's present testimony.
(2) Showing that the witness is biased.
(3) Attacking the character of the witness in accordance with the provisions of § 90.609 or § 90.610.
(4) Showing a defect of capacity, ability, or opportunity in the witness to observe, remember, or recount the matters about which the witness testified.
(5)Proof by other witnesses that material facts are not as testified to by the witness being impeached.”
Fla. Stat. § 90.608.

. In Van Arsdall, the Supreme Court likewise held that the right of confrontation is subject to limitation by the trial court "based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness’ safety, or interrogation that is repetitive or only marginally relevant.... [T]he Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.” 475 U.S. at 678, 106 S.Ct. at 1435 (emphasis in original) (internal quotation marks omitted).

. As we noted in our en banc decision, although. the opinion of the Florida District Court did not expressly reference Childers’s Sixth Amendment claim, the federal claim "did not slip the court’s collective mind." Childers I, 642 F.3d at 971 n. 19. Indeed, "several of the concurring and dissenting opinions explicitly mentioned the Confrontation Clause and relevant Supreme Court precedent.” Id.; e.g., Childers v. State, 936 So.2d at 599 (Thomas J. specially concurring); id. at 604-07 (Kahn, C.J., concurring in part and dissenting in part); id. at 617 (Browning J., concurring in part and dissenting in part); id. at 617-19 (Polston, J., concurring in part and dissenting in part); id. at 615 (Benton J., concurring in part and dissenting in part).