JORDAN, Circuit Judge, concurring in the judgment. I agree that Mr. Pittman is not entitled to habeas relief on his two claims, but my analysis differs somewhat from that of the majority. 1. In my opinion the Florida Supreme Court completely failed to address, on direct appeal, Mr. Pittman’s federal due process claim under Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), and its progeny. As the majority notes, Mr. Pittman clearly asserted this constitutional claim in the trial court and on appeal, yet the Florida Supreme Court only addressed a non-existent claim under state hearsay law. See Pittman v. State, 646 So.2d 167, 172 (Fla. 1994). Applying the analysis set forth in Childers v. Floyd, 736 F.3d 1331, 1334 (11th Cir. 2013) (en banc), I conclude that Mr. Pittman has successfully rebutted the presumption that the Florida Supreme Court addressed and resolved the Chambers claim on the merits. See, e.g., Bester v. Warden, 836 F.3d 1331, 1336-37 (11th Cir. 2016). I would therefore review the Chambers claim without AEDPA deference. Under plenary review, however, Mr. Pittman’s Chambers claim fails. As the majority correctly explains, see Maj. Op. at 1249-50, the circumstances surrounding Mr. Watson’s letter did not provide sufficient assurance of reliability. See Chambers, 410 U.S. at 300, 93 S.Ct. 1038. 2.With respect to the Sixth Amendment claim, I agree with the majority that Mr. Pittman’s attorneys provided effective assistance of counsel at the penalty phase. See Maj. Op. at 1249-52. I therefore would not address the prejudice prong of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). With these thoughts, I concur in the judgment.